DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Lawrence S. Tracy appeals the judgment of the Summit County Court of Common Pleas adjudicating him a sexual predator. We affirm.
On May 26, 1992, Tracy was indicted by the Summit County Grand Jury with six counts of gross sexual imposition, four counts of rape, two counts of attempted rape, and four counts of disseminating matter harmful to juveniles. The victim was thirteen years old at the time of the offenses. On August 7, 1992, Tracy pled guilty to one count of sexual battery with a physical harm specification, in violation of R.C. 2907.03, and one count of disseminating matter harmful to juveniles, in violation of R.C.2907.31(A)(1), both third degree felonies. The remaining counts of the indictment were dismissed.
After a pre-sentence investigation, Tracy was sentenced to four to ten years of incarceration on the sexual battery offense, and to a definite term of two years as on the disseminating matter harmful to juveniles offense, to be served concurrently.
In 1997, Ohio's "sexual predator" laws went into effect. R.C. 2950.01 et seq. provides for the adjudication as sexual predators of those convicted of certain sexual offenses. R.C.2950.01(E) defines "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Once an offender has been adjudicated as such, he or she will be subject to the registration and notification provisions of R.C. 2950.01 etseq. R.C. 2950.09 governs the adjudication of a person convicted of a sexually oriented offense as a sexual predator, providing in part:
 (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to [January 1, 1997], if the person was not sentenced for the offense on or after [January 1, 1997], and if, on or after [January 1, 1997], the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend [to the court] that an offender be adjudicated as being a sexual predator.
If the court schedules a hearing to determine whether the sexual offender is a sexual predator, the offender and the prosecutor who prosecuted the sexually oriented offense shall receive notice of the date, location of the hearing, and the offender and the prosecutor shall have the opportunity to present evidence and cross examine witnesses. R.C. 2950.09(B)(1). In making the determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including those set forth in R.C. 2950.09(B)(2), infra, at n. 1.
In early 1997, the trial court received a recommendation from the correctional institution in which Tracy was incarcerated that Tracy be adjudicated a sexual predator. On June 2, 1997, a hearing was held. The state presented Tracy's pre-sentence investigation report as evidence. Tracy testified to the programs he had completed while incarcerated.
On June 11, 1997, the trial court issued its order. In this order, the trial court noted that Tracy raised the issue of the constitutionality of R.C. 2950.09(C)(1) as it applies to convictions or pleas of guilty prior to the effective date of the section, but found that "there is no constitutional impediment to the statute." The trial court then ordered that Tracy be adjudicated a sexual predator pursuant to R.C. 2950.09 and that the registration, verification and notification provisions of R.C.2950.10 and R.C. 2950.11 be applied to him. Tracy appeals, assigning four errors.
 I.
Tracy's first assignment of error is:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO REVISED CODE SEC. 2950.09(C) DID NOT VIOLATE THE PROHIBITION AGAINST EX POST FACTO LAWS AS CONTAINED IN ART. I. SEC. 10 OF THE UNITED STATES CONSTITUTION AND/OR THE STATE OF OHIO'S PROHIBITION AGAINST RETROACTIVE LAWS AS CONTAINED IN ART. II, SEC. 28 OF THE OHIO CONSTITUTION, AS APPLIED TO THOSE CONVICTED OF CERTAIN OFFENSES PRIOR TO ITS ENACTMENT.
This court has recently found that the registration and notification requirements of Ohio's sexual predator statutes do not violate either the federal constitution's prohibition againstex post facto laws or the Ohio Constitution's prohibition against retroactive laws. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 6 and 12; State v. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported, at 4-5. Therefore, Tracy's first assignment of error is overruled.
 II.
Tracy's second assignment of error is:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO REV. CODE SEC. 2950.09 DID NOT PROVIDE ADDITIONAL PENALTIES FOR THOSE CONVICTED OF CERTAIN OFFENSES PRIOR TO ITS ENACTMENT THEREBY VIOLATING PROHIBITIONS AGAINST DOUBLE JEOPARDY AS PROVIDED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ART. I, SEC. 10 OF THE OHIO CONSTITUTION; AND OHIO REV. CODE SEC. 2943.09
The Double Jeopardy Clause prohibits "multiple punishments for the same offense." United States v. Halper (1989),490 U.S. 435, 440, 104 L.Ed.2d 487, 496. This court has recently held that R.C. 2950.09 does not constitute criminal punishment. See Kimble,supra, at 7-11. Based on Kimble, we have found that there is no "violation of the Double Jeopardy Clause in Ohio's sexual predator law." State v. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported, at 7.
In addition to the United States and Ohio Constitutions' prohibition against double or former jeopardy, Ohio has codified a double jeopardy prohibition. R.C. 2943.09 provides:
 When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or information.
Because R.C. 2950.09 does not impose a punishment, it violates neither constitutional prohibitions against double jeopardy nor R.C. 2943.09. Tracy's second assignment of error is overruled.
 III.
Tracy's third assignment of error is:
 THE TRIAL COURT ERRED BY REFUSING TO FIND THAT OHIO REV. CODE SEC. 2950.09 WAS UNCONSTITUTIONALLY VAGUE ON ITS FACE AND AS APPLIED AND A VIOLATION OF FUNDAMENTAL NOTIONS OF DUE PROCESS.
Tracy argues that "[t]he problem with [2950.01(E)] is that, especially for those who have previously been convicted of only one sexually oriented offense, there is little if any guidance as to how the court shall determine whether or not an individual is likely to commit another such offense in the future." He further argues that the because the trial court is "specifically NOT LIMITED" to the list of criteria set forth in R.C. 2950.09(B)(2), the statute is prone to arbitrary application and the statutory scheme is therefore void for vagueness.
This court addressed a similar argument in State v. Gropp
(April 8, 1998), Lorain App. No. 97CA006744, unreported, at 12-14. "A statute is not impermissibly vague merely because there is the possibility that different fact-finders might reach different results based upon the same evidence." Id. at 13-14, citing Smithv. United States (1977), 431 U.S. 291, 308-309, 52 L.Ed.2d 324,340. In Gropp, this court found that R.C. 2950.09(B) is not unconstitutionally vague. Other Ohio courts have reached this same conclusion. See, e.g., State v. Chappell (Fe. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported; Statev. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported. Tracy's third assignment of error is overruled.
 IV.
Tracy's fourth assignment of error is:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THIS PARTICULAR INDIVIDUAL WAS A SEXUAL PREDATOR UNDER THE CRITERIA OF OHIO REV. CODE SEC. 2950.01(B) AND 2950.09(B)(2); AND THE COURT'S FAILURE OR REFUSAL TO MAKE FINDINGS REGARDING ALL CRITERIA LISTED BY STATUTE AMOUNTS TO AN ABUSE OF DISCRETION BY VIRTUE OF ITS ARBITRARY APPLICATION.
Tracy argues that the application of R.C. 2950.09(B)(2) to him was arbitrary and therefore an abuse of discretion because the trial court, in its order, did not make findings on all of the criteria listed in R.C. 2950.09(B)(2). We disagree.
"Each case under R.C. 2950.09 is factually based, and the factors give the court the flexibility necessary to determine whether an offender is a sexual predator on a case-by-case basis. The factors may be weighed either in favor of or against the offender being classified as sexual predator depending on the facts of the case. Nevertheless, the factors are specific enough when considered with other provisions of R.C. Chapter 2950 to provide the court with minimal guidelines. They do not permit a `standardless sweep' that allows the court to pursue its own `personal predilections.' (Citations omitted.) Gropp, supra, at 14, quoting Lance,supra. "In making a determination as to whether a defendant should be classified as a sexual predator, the court must conduct a hearing and consider all relevant factors, including, but not limited to, a list of ten factors enumerated in the statute."Gropp, supra, at 17; R.C. 2950(B)(2) and (3).
 The enumerated criteria are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator.
Gropp, supra, at 18. The trial court's order of June 11, 1997 states:
 Upon consideration of all the relevant factors[1] as to whether or not [Tracy] is a sexual predator, including those set forth in Ohio Revised Code Section 2950.09(B)(2), the Court finds by clear and convincing evidence that [Tracy] is a sexual predator as set forth in Ohio Revised Code Section 2950.09
 The Court finds that the following factors in Ohio Revised Code Section 2950.09(B)(2) apply to [Tracy] and [are] relevant to the finding that he is a sexual predator:
 1. [Tracy] pled guilty to Sexual Battery with a Physical Harm Specification and the Disseminating Matter to Juveniles.
2. The victim was, at that time, 13 years of age.
 3. [Tracy's] conduct and the statement given to the Probation Officer at the time of the preparation of the presentence report, gives every indication, that if the opportunity presented itself, he would commit similar acts in the future.
 The Court finds by clear and convincing evidence that [Tracy] is a sexual predator as set forth in Ohio Revised Code Section 2950.09, and the provisions covering a sexual predator shall be effective against [Tracy].
The trial court specifically stated that it considered all of the relevant factors, including those set forth in R.C.2950.09(B)(2). That the trial court found only three factors relevant to its determination that Tracy was a sexual predator does not render its adjudication of Tracy as a sexual predator arbitrary or an abuse of discretion inasmuch as R.C. 2950(B)(2) requires not that each factor be met, but only that each factor be considered.
Tracy was 56 years old at the time of the offenses. The victim was 13 years old. He testified at his sexual predator hearing that he "let her have the fellatio." At the hearing, Tracy stated that the abuse occurred just one time, but this statement contradicted earlier admissions that the abuse of the victim continued over a period of time. In addition, Tracy essentially blamed the child for the abuse, by saying that she initiated the sexual encounter and that she "would not accept no for an answer. She was very much used to getting her way on everything that she done. What I call the expression being a spoiled brat." The record supports the trial court's adjudication of Tracy as a sexual predator. Tracy's third assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
REECE, J.
DICKINSON, J., CONCUR
[1] In making the determination, the judge is to consider:
(a) The offender's age;
 (b) The offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence [was] imposed;
 (d) Whether the sexually oriented offense for which sentence [was] imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence [was] imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).